Samuel Knox, Francis I. Smith and Josiah O. Stearns, executors &c. of the will of Amos C. Stearns, deceased,

*v.*

John Newman.

A testator appointed three persons, A, B and C, as executors of his will, and devised his estate to them in trust. He then made the following provisions : "In case my son, D, shall, at the time of my decease, be of the full age of twenty-one years, and all the persons herein appointed be living, I do hereby nominate and appoint my said son executor in the place and stead of C; but in case of the death of either of the said three named executors at the time of my decease, I nominate and appoint my said son executor in the place and stead of the one then deceased. In case of the death of either of the said executors after my decease, the two surviving may nominate and appoint another, who, with those surviving, shall be the executors. * * * The consent of two of my executors shall authorize any sale or investment. * * * No sale or investment shall be made without the concurrence and action of at least two of my executors." The executor B died before the testator, and at the death of the testator the son, D, was not twenty-one years of age.—*Held*, that the testator did not intend that his son should become an executor, unless he should be twenty-one years of age at the father's death.

---

On bill for specific performance.

On March 18th, 1878, Amos C. Stearns, a resident of the State of New York, made his will, whereby he devised and bequeathed

to Onslow Stearns, Samuel Knox and Francis I. Smith, whom he appointed executors of the will, all his estate, real and personal, in trust, for certain purposes therein mentioned. The trust was one that might last for many years. After defining the trust at length, the will continues in the following language:

" In case my son, Josiah O. Stearns, shall, at the time of my decease, be of the full age of twenty-one years, and all the persons herein appointed then living, I do hereby nominate and appoint my said son executor in the place and stead of Francis I. Smith ; but in case of the death of either of the said three named executors at the time of my decease, I nominate and appoint my said son executor in the place and stead of the one then deceased.

" In case of the death of either of the said executors after my decease, the two surviving may nominate and appoint another, who, with those surviving, shall be the executors.

" The consent of two of my executors shall authorize any sale or investment. No sale or investment shall be made without the concurrence and action of at least two of my executors."

Onslow Stearns died on December 29th, 1878 ; Amos C. Stearns died on March 7th, 1879. On March 25th, 1879, the will was proved before the surrogate of Steuben county, in the state of New York. On April 4th, 1879, letters testamentary were issued to Samuel Knox and Francis I. Smith, and they accepted the trust created by the will. On August 3d, 1881, Josiah O. Stearns became twenty-one years of age, and on February 23d, 1887, letters were granted to him by the surrogate of Steuben county, as one of the executors and trustees appointed by the aforesaid will. In March, 1887, the executors of the will entered into an agreement with the defendant, John Newman, to convey to him four lots in the city of Bayonne, in this state. Subsequently, they tendered him a deed of those lots, made by Samuel Knox and Josiah O. Stearns as " executors of the last will and testament of Amos C. Stearns, deceased," and demanded the payment of the purchase-money which had been agreed upon. The defendant refused to comply, alleging that Josiah O. Stearns was not appointed as an executor of the will, and that, as the will required that no sale should be made without the concurrence and action of at least two of the executors, the deed tendered did not pass title in the lots to him.

*Mr. Enos W. Runyon* and *Mr. John W. Knox*, for complainants.

*Mr. De Witt Van Buskirk*, for defendant.

THE CHANCELLOR.

The principal question involved in this case is, whether the testator appointed his son one of the executors of the will.

By force of the will's provisions, that, if one of the three executors should die after the testator's death, another should be appointed by the surviving executors, and, that at " least two " of the executors should concur and act at each sale, it is apparent that Mr. Stearns intended that there should be three executors capable of exercising their judgment and taking part in the management of his estate. He did not contemplate that one should be under legal disability. It was his purpose that his estate should have the benefit of the judgment of three acting and competent executors, and that a majority of those three should agree before a sale or an investment should be made. His son was to be an executor in the place of Smith, if he should be of age at the father's death, but Smith need not step aside for him if one of the other persons named as executors should be then dead. The son, in that case, could take the place of the person who had died.

The sentence which makes provision for the son as executor, subjected his appointment to but one contingency, and that is, that he should be twenty-one years of age at his father's death, and it then devoted itself to making provision for a place for the son, that is, either the place of Smith, or the place of one of the three persons named as executors, who should be dead when the testator died.

The requisite, that the son shall be twenty-one years old, is a condition precedent to his taking Smith's place, and is also a condition precedent to his taking the place of one deceased.

I think that this is the only construction that can be put upon the sentence and allow it to accord with the testator's intention, that he shall have three executors capable of acting.

It is urged that the testator should not be taken to have

omitted to make provision for the event of one of the persons named as executor dying before him, and then of dying himself, before his son should attain the age of twenty-one years. It would be but natural for him to make such an omission. When the will was made, the son was more than seventeen years old, and within less than three years and a half would be of full age. The testator may have reasoned that it would be impossible for both an executor and himself to die before the happening of that event, or, that he need not provide against the emergency of an executor dying before him, for, if such an emergency were to arise, it would be during his own life, and he could supply the loss it occasioned by further testamentary provision. There are other contingencies in which he might have been left without an executor or executors, which we cannot pretend are provided for. For instance, if all three, or any two, of the executors should die before the testator, or, if the son and one, or two, or all, of the executors, should die before the testator.

I see but little force in the argument that we should do violence to the plain intent that three executors are to be *sui juris*, in order to provide for a single contingency, when other equally probable contingencies are left unprovided for. The fact that there were unprovided for contingencies, that must happen before his death if at all, indicates that the testator intended to provide for them himself, when they should occur, by changes in his will.

The failure of the testator to change his will need not result disastrously to his estate. The court will not suffer a trust to fail for the want of a trustee. If one of the executors neglects his duty or refuses to act, he may be removed and another may be appointed in his place. If three trustees shall be needed, the court can, and will, supply the third.

My conclusion is, that Josiah O. Stearns has no authority, as executor or trustee, to join in a conveyance of his father's lands. This conclusion obviates the necessity of passing upon other questions that were suggested at the argument of the case.

The bill will be dismissed, with costs.